UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT W. JOHNSON,<br>Plaintiff,<br>v.<br>UNITED STATES DEPARTMENT OF JUSTICE,<br>Defendant. | ) | Civil Action No. 26-13449-MJJ |

**ORDER**

**JOUN, D.J.**

Robert W. Johnson ("Mr. Johnson"), who is confined at FMC Devens, has filed a civil complaint [Doc. No. 2], a motion for leave to proceed *in forma pauperis* [Doc. No. 1], an "Exhibit," [Doc. No. 8], and a document titled "Motions for Failures to Respond, default Judgements, Failure to File Notices of Appearances, Pro Se Corporation Fraud and Appeals," [Doc. No. 9]. As set forth below, the Court will DENY the motion for leave to proceed *in forma pauperis* and DISMISS this action without prejudice.

## I. Motion for Leave to Proceed

A prisoner seeking leave to proceed *in forma pauperis* must submit with his motion "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Mr. Johnson did not submit this required prison account statement. Accordingly, the motion is DENIED without prejudice.

## II. Review of the Complaint

Under 28 U.S.C. § 1915A, the Court must conduct a preliminary review of a complaint filed by a prisoner against a government entity or employee, and dismiss any claim that is malicious or frivolous, fails to state a claim upon which relief may be granted, or seeks monetary damages against a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Mr. Johnson's statement of his claim is as follows:

> On 06/26/2026 A. Martin, FBOP Officer John Doe 1, U.S. Department of Justice, FMC Devens, Federal Bureau of Prisons and the State of Massachusetts issued Robert Willie Johnson opened and copied legal mail from courts and Plaintiff did not sign for receipt of the legal mail. On 04/08/2026 Plaintiff was fingerprinted, illegally strip searched, proceed electronically through U.S. Department of Justice portals and coerced to sign documents to be admitted into FMC Devens population without warrants and or indictments or else be subjected to (24) solitary confinement without just cause.

Compl. at 3. Mr. Johnson seeks release from custody, "dismissals of alleged criminal complaints," punitive damages, and "terminations of employment & prosecutions against responsible parties."

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). In other words, the United States (including its various ranches, departments, and agencies) enjoys immunity from suit except in those instances in which it has expressly consented to be sued. *Id.* "Sovereign immunity is jurisdictional in nature," *id.* and a waiver of sovereign immunity must be expressly and unequivocally found in the statutory text and cannot be implied, *see Lane v. Pena*, 518 U.S. 187, 192 (1996). Here, Mr. Johnson does not set forth any claim for which the United States has

waived its sovereign immunity.[1] Thus, his claims against the Department of Justice and the Federal Bureau of Prisons must be dismissed.[2]

Any claim against the Commonwealth of Massachusetts fails because of the state's broad immunity from suit in a federal court. Under the doctrine of Eleventh Amendment immunity, it is recognized that States (including their departments, agencies, and officials acting in their official capacities) have immunity from suit in a federal court unless the State has consented to be sued in federal court or Congress has overridden the State's immunity. *See Virginia Off. for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). ("[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State."). Here, Mr. Johnson has not stated any claim for which the Congress has abrogated, or the Commonwealth has waived, its immunity.

Finally, Mr. Johnson has failed to state a claim for relief against "A. Martin" and "FBOP Officer John Doe," because he has not adequately identified their alleged misconduct. To the extent they were involved in handling Mr. Johnson's legal mail on June 26, 2026, a singular

[1] The Federal Tort Claims Act ("FTCA") does waive the sovereign immunity of the United States for certain injuries caused by the wrongful acts of government employees while acting within the scope of their employment. *See* 28 U.S.C. § 1346(b)(1). However, a plaintiff may not institute a claim under the FTCA in a federal district court until (1) the plaintiff has filed an administrative claim with the "appropriate Federal agency"; and (2) the agency finally denies the administrative claim or six months pass without a final denial of the administrative claim--whichever comes first. 28 U.S.C. § 2675(a). This administrative remedy exhaustion requirement is jurisdictional, and it must be completed before a plaintiff files a claim under the FTCA in federal court. *See McNeil v. United States*, 508 U.S. 106, 111-12 (1993); *Barrett ex rel. Estate of Barrett v. United States*, 462 F.3d 28, 36 (1st Cir. 2006). Mr. Johnson's Exhibit [Doc. No. 8], does indicate that the Bureau of Prisons received an administrative tort complaint from Mr. Johnson on July 6, 2026, but less than six months have passed since Mr. Johnson submitted the claim and there is no indication that the claim has been denied.

[2] The claims against FMC must also be dismissed because it is only a building and therefore not subject to suit.

occurrence of copying legal mail and not having Mr. Johnson sign for receipt of legal mail does not implicate any constitutional rights.

## III. Conclusion

In accordance with the foregoing, the Court hereby orders:

1. The motion for leave to proceed *in forma pauperis*, [Doc. No 1], is DENIED.

2. The Court DISMISSES this action without prejudice for lack of jurisdiction and because the complaint seeks monetary relief against parties who are immune from such relief.

3. The "Motions" for various relief, [Doc. No. 9], shall be terminated as moot.

**SO ORDERED.**

/s/ Myong J. Joun
Myong J. Joun
United States District Judge

Dated: October 13, 2026